Matter of Naas v Wurth (2025 NY Slip Op 03473)

Matter of Naas v Wurth

2025 NY Slip Op 03473

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

450 CAF 24-00567

[*1]IN THE MATTER OF CINDY A. NAAS, PETITIONER-APPELLANT,
v
GARY P. WURTH, RESPONDENT-RESPONDENT. 

MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-APPELLANT.
JUST CAUSE, ROCHESTER (HENRY W. JONES, IV, OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered February 22, 2024, in a proceeding pursuant to Family Court Act article 4. The order denied the objections of petitioner to an order of a support magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order denying her objections to the order of the Support Magistrate, which had dismissed her petition seeking child support arrears. We affirm. Although petitioner submitted an order requiring respondent to, inter alia, pay weekly child support, petitioner's claim that respondent had failed to make the payments required by the support order was primarily based upon her own testimony regarding respondent's alleged nonpayment. Respondent, on the other hand, testified that he had complied with the support order by making payments in excess of what was required, including payments for the mortgage on the home that petitioner, respondent, and their children shared during the entire period that arrears allegedly accrued; weekly childcare; major home repairs; utilities, telephone, and internet; and certain educational expenses for the children. After a hearing, the Support Magistrate determined that petitioner's testimony regarding the arrears was not credible and thus concluded that petitioner "did not meet her burden of proving that [respondent] 'failed to pay support as ordered' " (Matter of Bow v Bow, 117 AD3d 1542, 1544 [4th Dept 2014]). Contrary to petitioner's contention, Family Court properly gave the credibility findings of the Support Magistrate "great deference" when denying petitioner's objections to the support order (Matter of Gibson v Murtaugh, 141 AD3d
1104, 1104 [4th Dept 2016]; see Matter of Bashir v Brunner, 169 AD3d 1382, 1383 [4th Dept 2019]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court